NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0599n.06
No. 16-6729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 31, 2017
DEBORAH S. HUNT, Clerk

SAMUEL MCGAW, JR., et al.,                    )
                                              )
        Plaintiff-Appellees,                  )
                                              )
v.                                            )        ON APPEAL FROM THE
                                              )        UNITED STATES DISTRICT
SEVIER COUNTY, TENNESSEE, et al.,             )        COURT FOR THE EASTERN
                                              )        DISTRICT OF TENNESSEE
        Defendants-Appellants.                )
                                              )
                                              )

BEFORE:     CLAY, ROGERS and SUTTON, Circuit Judges.

        ROGERS, Circuit Judge.   Samuel M. McGaw, IV, arrived at the Sevier County Jail,

having consumed enough alcohol and opiates to leave him visibly intoxicated.  Defendant jail

officers summoned a nurse to examine McGaw, and the nurse informed them that McGaw could

safely be left in a holding cell to sleep off his intoxication.  However, during the night, McGaw

suffered a heart attack caused by the combination of alcohol and drugs, and later died at the

hospital.  Plaintiffs in this 42 U.S.C. § 1983 action allege deliberate indifference by the officers

to McGaw's medical needs, and failure on the part of the county to train its officers to recognize

medical emergencies.  The district court denied defendants' summary judgment motions, and

defendants appeal.  Because the officers relied on what they reasonably believed to be

appropriate treatment advice by the jail nurse, they did not act with deliberate indifference and

were accordingly entitled to qualified immunity.  With respect to the county, however, we lack

pendent jurisdiction to review the interlocutory denial of summary judgment, where resolution of the suit against the officers does not resolve all of the issues in the suit against the county.

On March 25, 2014, at around 10:30 p.m., Samuel M. McGaw, IV, turned himself in to the Sevier County Jail on a capias warrant for a previous failure to appear in court on charges of misdemeanor assault and public intoxication. At the time of his arrival at the jail, McGaw was visibly intoxicated. He could not state what time it was, lacked the ability to sit up by himself, and was flummoxed by questioning. McGaw did maintain enough presence of mind to state the reason for his condition. He told his booking officers that he had consumed an unspecified amount of vodka and three "roxys"—slang for roxicodone, a prescription opiate.

Defendant officers—Bradley Mount, Hayden Whaley, and Joshua McKinzie— summoned a jailhouse nurse, Judy Sims, to examine McGaw. Sims was a licensed practical nurse (LPN), employed by First Med, Inc., a contractor to Sevier County. Neither Sims nor First Med is a party to this appeal. Officer McKinzie informed Nurse Sims that McGaw had reported consuming alcohol and three "roxys." Nurse Sims proceeded to examine McGaw, finding that his pupils were pinpoint and nonreactive to light and his speech was slurred, but his blood pressure, heart-rate, and blood-oxygen percentages were all within what Sims considered to be normal limits. After conferring with her supervisor, Jessie Timbrook, another LPN, Nurse Sims informed the officers that McGaw did not need to see a doctor or be taken to a hospital, but could be left in a cell overnight for "monitoring." Following that advice, the officers brought McGaw to a holding cell. Throughout the night, the officers periodically observed McGaw through a window and occasionally heard him snoring. They did not, however, physically enter the cell to examine McGaw or otherwise reassess his condition.

At around 1:09 a.m., jail staff observed McGaw in his cell and noticed he was unresponsive and not breathing. The officers transported McGaw from the jail to a hospital, where doctors diagnosed McGaw as having suffered full cardiac arrest. McGaw remained in a coma until his death on April 6. The autopsy report stated that McGaw had died from "a combination of alcohol and oxycodone toxicity" caused by McGaw's consumption of those substances.

McGaw's estate and next-of-kin brought suit against the defendant officers and Sevier County in the district court below, alleging a violation of McGaw's civil rights pursuant to 42 U.S.C. § 1983. Plaintiffs claimed that McGaw possessed a clearly established right to medical treatment and that defendants violated this right: the officers by failure to recognize the seriousness of McGaw's condition or transport him to a hospital, and Sevier County by failure to supervise defendant officers, failure to properly train them, and failure to have adequate procedures in place to prevent mistreatment. Defendants moved for summary judgment on the grounds that the officers were entitled to qualified immunity, and that no county policy or procedure caused any violation of McGaw's rights. The district court denied qualified immunity to the officers on the grounds that McGaw had a clearly established right to medical treatment and the officers were deliberately indifferent to that right when they left McGaw in an observation cell, despite knowing of his intoxication. The district court also denied summary judgment to Sevier County on the grounds that material disputes of fact existed as to whether any inadequacies in Sevier County's training programs and policies caused McGaw's death.

Both defendant officers and Sevier County now appeal.

Defendant officers were entitled to qualified immunity because they did not act with deliberate indifference to McGaw's medical needs when they relied on what they reasonably

believed to be appropriate advice from Nurse Sims. Here, the officers placed McGaw in the observation cell because they reasonably believed, based on Nurse Sims's assessment, that this was the medically appropriate thing to do, and are thus entitled to qualified immunity for acting pursuant to that assessment. None of the officers had medical training, and there is no evidence that they knew or believed that Nurse Sims's diagnosis was anything but correct. As the Third Circuit has reasoned, where "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The record does not show any evidence that the officers were or should have been aware that their lay understandings of this situation were superior to Nurse Sims's trained assessment. In retrospect, it appears clear that Nurse Sims's recommendation should have been for McGaw to be taken to the hospital, but the question of whether the officers acted with deliberate indifference is based on what the officers themselves knew at the time. *See Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009). Without any indication that the officers could or should have assessed any deficiency in Nurse Sims's diagnosis at the time she made it, the officers are entitled to qualified immunity when they acted on her counsel.

Recovery under the Eighth Amendment in this context requires the plaintiff to show that the defendant was acting with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In demonstrating a violation of this right, "[a] constitutional claim for denial of medical care has objective and subjective components," *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), and the subjective component of such a showing is clearly not met here. The officers did not act with subjective deliberate indifference when they left an intoxicated McGaw in an observation cell and did not transport him to a hospital or provide

additional medical care, because they were following Nurse Sims's indication that this was an appropriate response to McGaw's condition. When officers are not "subjectively aware of a substantial risk of serious harm," it "cannot be shown that they acted with deliberate indifference." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 361 (6th Cir. 2016). Defendant officers in this case were therefore entitled to qualified immunity.

Cases in this and other circuits demonstrate that a non-medically trained officer does not act with deliberate indifference to an inmate's medical needs when he "reasonably deferred to the medical professionals' opinions." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). For example, this court has held that a police officer was entitled to qualified immunity in a case where medical professionals had failed to recognize an arrestee's cocaine overdose because the officer "was entitled to rely on the EMTs' and the jail nurse's medical assessments that [the arrestee] did not need to be transported to the hospital." *Spears* 589 F.3d at 255. In *Spears*, this court recognized the fact that the EMTs and a jail nurse who had improperly diagnosed the arrestee in that case "presumably had a greater facility than the average layperson to recognize an individual's medical need," and thus the police officer did not err in deferring to what appeared to be their more capable judgment. *Id.*

Plaintiffs argue that the officers remain subject to a denial of qualified immunity because they knew or should have known that a combination of alcohol and opiates can be toxic to a person like McGaw. This argument fails on these facts because the officers did not ignore the risks that those drugs posed to McGaw. Indeed, the officers recognized McGaw's condition, summoned a person they believed capable of assessing those risks, and followed the guidance that Nurse Sims provided. As the Third Circuit has explained, in a situation where a non-trained officer defers to a medical professional's judgment, "absent a reason to believe (or actual

knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236. Here, the officers had no reason to know or believe that Nurse Sims's recommendation was inappropriate, and thus did not act with subjective deliberate indifference when they followed it.

Plaintiffs also object that Nurse Sims, as an LPN, was not sufficiently trained to formally diagnose McGaw, but this contention does not change the outcome here. It is true, as the district court found, that Nurse Sims's judgments were not medically binding and the officers had the general authority to override Nurse Sims's recommendations if they so chose. However, an officer does not act with subjective deliberate indifference when he does not override a medical recommendation that he reasonably believes to be appropriate, even if in retrospect that recommendation was inappropriate. *See Spruill*, 372 F.3d at 236. Nor has this court ever recognized the status of an LPN as precluding an officer from relying on that LPN's judgment. By analogy, in *Spears* we held that there was no constitutional violation in an officer following the recommendations of a jail nurse and EMTs. *See Spears,* 589 F.3d at 255. Instead, the test for deliberate indifference requires a more general failure by an officer: that an officer "was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, that he drew that inference and chose to disregard the risk." *Id.* Where, as here, an officer responds to a substantial risk of serious harm by asking for and following the advice of a professional the officer believes to be capable of assessing and addressing that risk, then the officer commits no act of deliberate indifference in adhering to that advice.

Although defendant officers are thus entitled to qualified immunity, this court lacks jurisdiction to hear Sevier County's appeal, and so Sevier County's appeal must be dismissed. A

court of appeals has jurisdiction generally only over the final decisions of a district court. *See* 28 U.S.C. § 1291. Because denial of a motion for summary judgment is not such a final decision, "denial of a motion for summary judgment is not an appealable order." *Kindl v. City of Berkley*, 798 F.3d 391, 405 (6th Cir. 2015).

It is true that, in narrow circumstances, a court of appeals may review the denial of a motion for summary judgment through the court's pendent jurisdiction, but Sevier County's appeal does not qualify for this exception. A court hearing an appeal may in its discretion exercise pendent jurisdiction "where the appealable and non-appealable issues are 'inextricably intertwined,' meaning that 'the appealable issue at hand cannot be resolved without addressing the nonappealable collateral issue.'" *Id.* (quoting *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir.1998)). Thus, where the question of a municipality's liability is coterminous with a determination of an officer's qualified immunity, a court may exercise pendent jurisdiction over the former claim in the course of an appeal of the latter. *See id.*

Here, however, this court lacks jurisdiction over Sevier County's claim because the county's liability is not foreclosed by our determination that the officers were entitled to qualified immunity. The district court denied the county's motion for summary judgment because it held that there were genuine issues of material fact as to whether the county had properly trained its officers to recognize inmates' medical needs. The fact that these officers did not act with deliberate indifference because they reasonably relied on Nurse Sims's diagnosis of McGaw's needs does not resolve the disputes over whether the county's training procedures were adequate or appropriate as a whole. Lack of training could conceivably have affected Nurse Sims's action, and that would not at all intertwine with the officers' immunity claims.

Without such intertwining, pendent appellate jurisdiction is lacking, and it is not appropriate for us to exercise it here.

For these reasons, the judgment of the district court is reversed with respect to the officer defendants, and Sevier County's appeal is dismissed for lack of jurisdiction.